IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

MARY LOU CREECH,

    Plaintiff,

V.                                                      CIVIL ACTION NO. 3:08-1436

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**<u>MEMORANDUM ORDER</u>**

       In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

       Plaintiff filed her applications on April 19, 2006, alleging disability commencing June 1, 2005, as a consequence of high cholesterol, depression, arthritis in back, dropped bladder and a dislocated hip. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

       At the time of the administrative decision, plaintiff was forty-five years of age and had completed the 10th grade. Her past relevant employment experience consisted of work as a home health aide. In his decision, the administrative law judge determined that plaintiff suffers from

degenerative disc disease of the spine and obesity, impairments which he found severe. Though concluding that plaintiff was unable to perform her past work,[1] the administrative law judge determined that she had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.18 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

At the outset, it is noted that plaintiff has submitted additional evidence with her brief consisting of (1) an assessment by Dr. Paul Craig and (2) a subsequent favorable decision by the Commissioner. Neither of these documents were part of the administrative record and they are considered only insofar as they bear on plaintiff's motion to remand.

Remand on the basis of newly discovered evidence is appropriate if: (1) the evidence is relevant and not cumulative; (2) the Commissioner's decision "might reasonably have been different" had that evidence been presented; (3) good cause for failure to submit the evidence before the Commissioner is established; and (4) plaintiff offers "at least a general showing of the nature" of the newly discovered evidence. Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).

In the instant case, the decision of the administrative law judge finding plaintiff not disabled was rendered on January 30, 2008 ("first decision").[3] On March 19, 2009, following the filing of a second application a different administrative law judge issued a favorable decision finding plaintiff disabled as of February 7, 2008 ("second decision"). Under such circumstances, the Court concludes

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[3] The transcript shows the date of the administrative law judge's decision to be January 30, 2008, however, the second decision notes the date of the first decision to be February 6, 2008.

that this matter must be remanded for consideration of the second decision as new and material evidence. The second decision finding plaintiff disabled only one week after a finding of not disabled obviously raises questions concerning whether plaintiff was actually disabled during the relevant period of time for the first decision, and cases within this district have consistently held that a disability determination that commences the day after an administrative law judge's opinion that plaintiff is not disabled constitutes new and material evidence necessitating remand.  See Bradley v. Barnhart, 463 F.Supp.2d 577 (S.D.W.V.2006); Reichard v. Barnhart, 285 F.Supp.2d 728 (S.D.W.V. 2003).  While the time period in this case is a week, as opposed to a day, the same logic clearly applies.  Evidence considered in reaching the second, favorable decision, "might well have changed the outcome in this case . . .." Bradley v. Barnhart, supra at 580.  That determination, however, must be made by the Commissioner.  Accordingly, remand is appropriate so that the Commissioner's decision on the second application and the evidence upon which it relied can be examined to determine whether modification of the first decision is necessary.

On the basis of the foregoing, it is **ORDERED** that, pursuant to sentence six, this case be remanded to the Commissioner for consideration of new evidence.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER:   March 8, 2010

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

3